# C|T|S|W
## COHEN TAUBER SPIEVACK & WAGNER P.C.

Joseph M. Vann                                                  Telephone: 212-381-8724
                                                                E-mail: jvann@ctswlaw.com

October 5, 2021

**VIA ECF**

Honorable Vincent F. Papalia
United States Bankruptcy Court
District of New Jersey
50 Walnut Street
Courtroom 3B
Newark, NJ 07102

      **RE:**    In re Ahmed A. Zayat
                Case No. 20-20387 (VFP) (Bankr. D. N.J.)

      **RE:**    **Application in Lieu of Motion Approving Stipulation and Consent Order (I) Setting Amount of Claim of Linda Karasick; (II) Providing For Partial Discharge of Mortgage; and (III) Providing for Other Relief**
                Docket No. 265

Dear Judge Papalia:

      This firm represents Joanne Zayat, spouse of the debtor Ahmed Zayat, and co-owner by joint ownership as husband and wife (the "Co-owner") of a marital and family home located at 598 Warwick Avenue, Teaneck, NJ 07666 (the "Co-Owned Family Home Property") which is the subject of the above-referenced Application (Docket 265), pursuant to which, the Trustee seeks entry by this Court of a consent order that, among other things, improperly purports to modify mortgages on the Co-Owner's interest in the Co-Owned Family Home Property.[1]

      If the Application merely sought entry of a consent order that allowed and/or modified a claim of the Creditor against the ***Debtor*** (as it partially does) or affected the Mortgage solely to the extent of the ***Debtor's*** interest in the Co-Owned Family Home Property, the Co-Owner might not be submitting this letter objecting to the Application.

      However, the Application seeks relief beyond the interests of the Debtor in property or in respect of claims against the Debtor.

      The Application seeks this Court's entry of a proposed Stipulation and Consent Order that expressly affects the amount of the Mortgage lien as against ***the Co-Owner's interest*** in the Co-Owned Family Home Property.

---

[1] All capitalized terms herein not otherwise defined in this letter shall have as their meaning the definitions ascribed to them in the Application.

Honorable Vincent F. Papalia
October 5, 2021
Page 2 of 3

To that extent, the proposed Stipulation and Consent Order cannot be entered, let alone entertained, by this Court, as this Court lacks subject matter jurisdiction and authority to affect the rights and liabilities as between non-debtor third parties (such as Creditor and the Co-owner).[2]

The Stipulation and Consent Order expressly purports to reduce the Mortgage lien on the Co-Owned Family Home Property to an amount of only $25,000.00 (See, Section 2), authorizes the filing of the Stipulation and Consent Order against the entirety of interests in the Co-Owned Family Home Property (including the Co-Owner's interest) to reflect that reduction of Mortgage lien (See, Section 3).

Yet, the Stipulation and Consent Order also purports to continue to hold the Co-Owner fully liable for the entire amount of the Consolidated Mortgage Note and Consolidated Mortgage on account of her joint liability (See, Sections 4-7).

This is an impermissible impairment and alteration of a contract of a non-debtor third party (the Co-Owner) without her consent and without the procedural safeguards of an adversary proceeding that may be mandated in such a situation (See Rule 7001 (1), (2) ,(3), (7) and (9)),[3] which has the effect of depriving her of a bargained for contract with the Creditor, subjecting her to continuing liability for the total amount of the Mortgage obligation that on its face is her joint liability **in the full amount**, yet depriving her of the lien she granted by which to assure its payment.[4]  This results in significant prejudice to her without her consent, and over which this Court has no subject matter jurisdiction or authority to act.[5]

---

[2] Even as to the Debtor and its properties such action cannot be undertaken without the full and heightened due process protections of an adversary proceeding. The Third Circuit made clear in Mansaray-Ruffin that a creditor with a lien is entitled to the protection and due process safeguards of Rule 7001, why should Rule 7001 be any less valid and enforced when an attempt is made to affect the interest of a non-debtor co-owner of property?  See e.g., SLW Capital, LLC v. Mansaray-Ruffin (In re Mansaray-Ruffin),  530 F.3d 230 (3rd Cir. 2008) (as implemented by Rule 7001, due process requires creditor to have heightened protection adversary proceeding to affect validity of lien as "the adversary proceeding Rule at issue here is mandatory and establishes a right to specific process that must be afforded.   Its mandatory nature is grounded in principles of due process ….").

[3] The proposed Stipulation and Consent Order seemingly combines many requests as to the Co-Owner and her interest in the Mortgage to the extent of her interest in the  Co-Owned Family Home Property, each of which on its own would seem to require an adversary proceeding (assuming arguendo the Court has jurisdiction over a third party contract between Creditor and Co-owner as affects the Co-owner and the Co-owner's interests), namely (1) an attempt to recover property of Co-Owner (i.e., her contractual rights and liabilities in the Consolidated Mortgage Note and Consolidated Mortgage into which she entered and the lien securing her obligation thereunder), (2) a determination of the extent of the lien against her interest in the Co-Owned Family Home Property, (3) injunctive relief of reformation off her contract in the form of the Consolidated Mortgage Note and Consolidated Mortgage with the Creditor, (4) declaratory judgment regarding the foregoing in the form of the proposed Stipulation and Consent order.

[4] Co-owner takes no position at this time as to whether the Stipulation and Consent Order would be permissible if it relieved of her of any liability of the mortgage in excess of the reduced $25,000 lien, as that hasn't been requested by the Trustee in his Application or proposed in the Stipulation and Consent Order.

[5] Notwithstanding any of the issues raised in this letter and any of the positions taken herein, the Co-Owner reserve any and all rights and positions in respect of any adversary proceeding that may be commenced in the future over the subject of the Application or the proposed Stipulation and Consent Order, including, without limitation, whether this Court has subject matter jurisdiction over contracts and mortgage liens between third party non-debtors (such as the Creditor and the Co-owner) or affecting non-debtor property (such as the Co-Owner's interest in the Co-Owned Family Home Property.

Honorable Vincent F. Papalia
October 5, 2021
Page 3 of 3

Accordingly, the Co-owner respectfully submits that the Trustee's application must be denied, as it improperly affects the property and contractual rights and liabilities of the Co-owner without her consent and with improper process.

                                              Respectfully submitted,

                                              COHEN TAUBER SPIEVACK & WAGNER P.C.
                                              *Attorneys for Joanne Zayat*

                                              By: /s/ Joseph M. Vann
                                                    JOSEPH M. VANN

CC (**via ecf/email notice**):
Milica A. Fatovich, Esq
Tracey Klestadt, Esq..
Jay L. Lubetkin, Esq.
Ahmed A. Zayat